# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI BERRY and ALEXANDER BERRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-1446 |
| | ) | |
| Borough of Verona, PA Police Chief GUY | ) | Judge Terrence F. McVerry |
| TRUBY, Police Officer STEVEN | ) | Magistrate Judge Cathy Bissoon |
| SURANOVICH, and Several Unknown | ) | |
| Members of the Borough of Verona Police | ) | |
| Department, in their individual capacities | ) | |
| and in their official capacities, Allegheny | ) | |
| County Juvenile Probation Officer | ) | |
| TIMOTHY BARNES and Several Unknown | ) | |
| Employees of the Allegheny County Juvenile | ) | |
| Probation Office, in their individual | ) | |
| capacities; and the BOROUGH OF | ) | |
| VERONA, PA, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants Borough of Verona, PA (the "Borough"), Borough of Verona, PA Police Chief Guy Truby ("Truby") and Police Officer Steven Suranovich's ("Suranovich") (collectively, "Borough Defendants") Motion to Dismiss (Doc. 10) be granted in part and denied in part, as described below.

### II. REPORT

**BACKGROUND**

    A.    **Factual Background**

This action arises out of allegedly wrongful conduct perpetrated by Defendants on Plaintiffs Lori and Alexander Berry (collectively, "Plaintiffs"). Specifically, Plaintiffs allege that

Defendants entered and searched their home without permission and without a warrant. Plaintiff Alexander Berry additionally seeks redress for an alleged false arrest, as well as for alleged improper conduct of the Borough Defendants (and, specifically, Defendant Suranovich) during various stops and searches prior to that arrest. The following facts are assumed to be true for purposes of the instant Motion to Dismiss.

On January 17, 2007, at approximately 8:25 a.m., Defendants Suranovich and Truby, along with Allegheny County Juvenile Probation Officer Timothy Barnes and an unknown number of unknown police officers and probation officers, entered Plaintiffs' home in Verona, Pennsylvania without permission and without a warrant while both Plaintiff Lori Berry and her 17-year old son, Alex Berry, were present. (Compl. ¶ 17.) Defendants informed Ms. Berry that they sought to search her home because they had received information that a fugitive from the juvenile institution was in her home. Id. at ¶ 19. Plaintiffs allege that Probation Officer Timothy Barnes pointed a gun at Ms. Berry and only holstered his weapon after Ms. Berry informed them that the fugitive they sought was not in her home. Id. at ¶¶ 18, 20. Although Ms. Berry requested to be shown a warrant, she was informed that a warrant was not needed to search her home. Id. at ¶ 22. The Borough Defendants, along with probation officers from the Allegheny County Probation Office, then proceeded to search Ms. Berry's home for approximately 20 minutes without a warrant. Id. at ¶ 22.

In addition to the above alleged unlawful entry into their home, Plaintiff Alex Berry also seeks redress for allegedly wrongful conduct perpetrated upon him by Defendants Suranovich and other unknown police officers of the Borough of Verona Police Department. Plaintiff Alex Berry alleges that he has been stopped and searched without cause by Defendants Suranovich and other unknown police officers on several occasions. Id. at ¶ 25. Mr. Berry alleges that

during the course of at least one such stop, Defendant Suranovich used racial slurs and told him that "he and his family should 'move back to Homewood.'" Id. at ¶ 26. Finally, on August 16, 2006 – prior to the January 17 incident – Mr. Berry alleges that Defendant Suranovich improperly arrested him and charged him with disorderly conduct. Id. at ¶ 24. Mr. Berry was later released after Ms. Berry asserted that there was no legal justification for Mr. Berry's arrest and the charge of disorderly conduct was dismissed. Id.

B. **Procedural Background**

Plaintiffs filed this action on October 18, 2008, against two groups of Defendants: the Borough of Verona and certain of its personnel and the Allegheny County Juvenile Probation Office and certain of its personnel. Specifically, Plaintiffs named as Defendants the Borough of Verona; Guy Truby, the Borough's Police Chief; Steven Suranovich, a police officer for the Borough; and several unknown police officers for the Borough (collectively, the "Borough Defendants"). Plaintiffs have brought their action against Officers Truby and Suranovich and the several unknown police officers (collectively, "Individual Borough Defendants") in both their individual and official capacities. Plaintiffs also named as defendants the Allegheny County Juvenile Probation Office ("Probation Office"); Timothy Barnes, an Allegheny County Juvenile Probation Officer; and several unknown employees of the Probation Office (collectively, the "Probation Office Defendants"). Plaintiffs sued Officer Barnes and the several unknown employees (collectively, "Individual Probation Office Defendants") in both their individual and official capacities.

On December 5, 2008, the Borough Defendants filed a Motion to Dismiss. (Doc. 10.) Through that Motion, the Borough Defendants seek the dismissal of all claims against the Borough, as well as all of the claims against the Individual Borough Defendants (e.g., Police

Chief Truby and Police Officer Suranovich) insofar as these individuals were acting in their official capacities. Id. It is this Motion that is before the Court and now ripe for disposition.[1]

## ANALYSIS

### A. Legal Standard

It is well-established that Federal Rule of Civil Procedure 8(a) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court of Appeals for the Third Circuit, interpreting Twombly, has stated that Rule 8(a) requires a plaintiff to allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

When addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the facts alleged [in the complaint] must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 550 U.S. at 563 n. 8). Thus, a complaint or claim should not be dismissed merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 563 n. 8.

---

[1] On November 20, 2008, the Probation Office Defendants filed a Motion to Dismiss all claims against the Probation Office and claims against the Individual Probation Office Defendants in their official capacity. (Doc. 5.) On March 13, 2009, the Court approved a Stipulation of Dismissal and dismissed the Probation Office and the Individual Probation Office Defendants (including Officer Barnes) in their official capacity (Doc. 22), thereby terminating the Probation Office Defendants' Motion. Of the Probation Office Defendants, only claims against the Individual Probation Office Defendants (e.g., Officer Barnes) in their individual capacity remain. Id.; see also Docs. 23 & 24 (reflecting that the caption was amended to clarify that the Stipulation of Dismissal was filed only as to claims against Officer Barnes in his official capacity and that claims against Officer Barnes in his individual capacity remain).

Instead, the inquiry is whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 563.

### B. Plaintiffs' Tort Claims Against The Borough Defendants: Counts II, III, V, VI, VIII, and IX

Plaintiffs have filed three tort claims against the Borough Defendants: (i) invasion of privacy (Counts II and III); (ii) intentional infliction of emotional distress (Counts V and VI); and (iii) false imprisonment (Counts VIII and IX). See Compl. Defendants seek the dismissal of each of these counts on the grounds that the Borough and its employees in their official capacities are immune from suit under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §§ 8541-8542. See generally Defs' Motion to Dismiss (Doc. 10) ("Defs' Mot."); see also Defendants' Brief in Support of Motion to Dismiss (Doc. 11) ("Defs' Br.") at 5-8. Plaintiffs admit that their claims against the Borough of Verona in Counts III, VI and IX for intentional infliction of emotional distress, false imprisonment, and invasion of privacy, respectively, are precluded by the Political Subdivision Tort Claims Act. (Pls' Response to Defendants' Motion to Dismiss (Doc. 18) ("Pls' Response") at ¶¶ 1, 3, 4.) Because Plaintiffs concede that they cannot pursue their tort claims against the Borough, the Court recommends that Counts III, VI and IX of Plaintiffs' Complaint be dismissed with prejudice.

The Borough Defendants also seek the dismissal of Counts II, V and VIII of Plaintiffs' Complaint in which Plaintiffs assert the same tort claims against the Individual Borough Defendants, arguing that "[s]uits against individual employees acting in their official capacities are suits against the entity, since recovery is being sought from the government." (Defs' Br. at 7.) Although Defendants apparently proceed on the basis that Plaintiffs have asserted Counts II, V and VIII against the Individual Borough Defendants in their official capacity, it is not apparent to the Court that this is the case. Indeed, the manner in which Plaintiffs have structured their

Complaint suggests otherwise. The Court observes that Plaintiffs have asserted two counts for each of their tort claims, with one expressly asserted against the Borough and the other expressly asserted against the Individual Borough Defendant(s). In the counts against the Borough, Plaintiffs specifically plead that "the Borough of Verona is thus responsible for the actions of the said Defendant police officers [i.e., the Individual Borough Defendants] on the basis of *respondeat superior*." (Compl. at ¶¶ 42, 52, 62.) In the Court's view, these allegations illustrate that Plaintiffs have asserted their claims against the Individual Borough Defendants in their official capacity within the counts brought against Defendant Borough and, therefore, their official capacity claims against the Individual Borough Defendants are subsumed within Counts III, VI, and IX. Notably, the counts against the Individual Borough Defendants are devoid of any official capacity allegations. The Court interprets Plaintiffs' claims in Counts II, V and VIII to have been brought against the Individual Borough Defendants in their individual capacity, and not in their official capacity.[2] As the Borough Defendants only seek dismissal of claims brought against the Individual Borough Defendants in their official capacity and not in their individual capacity (see generally Defs' Mot.; see also Defs' Br. at 7 ("these claims brought against Guy Truby, and Police Officer Steven Suranovich, in their official capacity, must be dismissed")), the Court recommends that the Borough Defendants' Motion to Dismiss Counts II, V and VIII of Plaintiffs' Complaint be denied.[3]

### C. **Plaintiffs' Section 1983 Claim Against the Borough Defendants: Count X**

In Count X of their Complaint, Plaintiffs assert a Section 1983 claim against the Borough. The Borough asserts that Plaintiffs have failed to state a Section 1983 claim because

---

[2] Indeed, Plaintiffs' caption in this case reinforces this conclusion.
[3] Of course, to the extent that Counts II, V and VIII are asserted against the Individual Borough Defendants in their **official** capacity, the Court would recommend that such counts be dismissed with prejudice as being redundant of those against the Borough. See Christy v. Pennsylvania Turnpike Comm'n, 54 F.3d 1140, 1143 n.3 (3d Cir. 1995) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent") (citations and internal quotations omitted).

they have failed to identify a custom, policy or practice, as required under Section 1983. (Defs' Br. at 8-9.) The Court disagrees.

In Count X of their Complaint, Plaintiffs assert the following:

> 64. The Borough of Verona, PA developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in Verona, which caused the violations of the Plaintiffs' rights.
>
> 65. It was the policy and/or custom of the Borough of Verona to inadequately supervise and train its police officers in criminal procedure and in methods of operation that would minimize intrusions on the Constitutional rights of persons in Verona.
>
> 66. As a result of the Borough of Verona's failure to adequately supervise and train its police officers, the Plaintiffs' constitutional rights were violated and the Plaintiffs have suffered and continue to suffer physical and emotional harm.

(Compl. ¶¶ 64-66.) The Court interprets the above allegations as a Monell claim predicated on the purported policy, custom or practice of the Borough Defendants of failing to properly train or supervise their officers and personnel in "criminal procedure and in methods of operation that would minimize intrusions" on Constitutional rights, such as the right to be free from unreasonable searches and seizures.

It is well-established that to state a section 1983 claim against the Borough, Plaintiffs must identify a custom, practice or policy that led to their constitutional deprivations. Palmer v. City of Harrisburg, 2008 WL 1838632, at *3 (3d Cir. Apr. 25, 2008) (citing Monell). "Where, as here, the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Thus, a plaintiff must allege "that a 'policy or custom' of [the defendants] was the

'moving force' behind the [constitutional] violation." Kokinda v. Breiner, 557 F. Supp. 2d 581, 590 (M.D. Pa. 2008). To establish that a failure to train constitutes "deliberate indifference," a plaintiff must show that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter, 181 F.3d at 357.

Though the crux of the Borough Defendants' argument is Plaintiffs' purported failure to identify "a policy or procedure of the Borough of Verona that would entitle them to relief," (Defs' Br. at 10), the Third Circuit, in the context of a policy concerning a failure to train, has stated that at the pleading stage, it is "unduly harsh" for a court to insist that plaintiff "identify a particular policy and attribute it to a policy maker." Id. at 357-58. Noting that the plaintiff "surmise[d]" that the misconduct perpetrated upon him "reflect[ed] inadequate training and supervision," the Third Circuit in Carter reasoned that a plaintiff "cannot be expected to know, without discovery, exactly what training policies were in place or how they were adopted." Id. at 358; see also Bruno v. Stowe Township, No. 08-1082, 2008 WL 4949046, at *3 (W.D. Pa. Nov. 19, 2008) (Ambrose, C.J.) (in denying motion to dismiss a section 1983 claim, noting that "detailed information regarding a municipality's internal policies and procedures . . . is frequently within the sole possession and control of the municipality and would not be available to a plaintiff prior to discovery") (citing cases). District courts in this circuit have continued to apply these principles at the pleading stage even after the U.S. Supreme Court's Twombly decision. See Bruno, 2008 WL 4949046, at *3 (rejecting defendant's argument that section 1983 claim did not satisfy Twombly and finding allegations similar to those in the instant case sufficient to withstand a motion to dismiss because plaintiff had "provided notice to the

[defendant] of the nature of the constitutional violations at issue, the injury suffered therefrom and that the [defendant's] failure to train, supervisor or otherwise regulate such conduct was a cause of the constitutional violation. More specific details of the [defendant's] actions in relation to such conduct cannot be known by [p]laintiff without discovery.") (citing post-Twombly cases); Kokinda, 557 F. Supp. 2d at 590 (in a post-Twombly decision, citing Carter and stating that "there is no requirement at the pleading stage for Plaintiff to identify a specific policy to survive a motion to dismiss").

In the case at bar, Plaintiffs premise their Section 1983 claim on an alleged policy consisting of the Borough's failure to supervise and train its police officers "in criminal procedure and in methods of operation that would minimize intrusions" on citizens' constitutional rights. (Compl. ¶ 65.) Plaintiffs additionally allege that the Borough's policy amounts to a "deliberate indifference" and that, as a result of the failure to supervise and train, their Constitutional rights were violated. Id. at ¶¶ 64, 66. Given the liberal notice pleading standards under Rule 8, the Court finds that Plaintiffs' allegations, taken as true and viewed in the light most favorable to Plaintiffs, are sufficient to survive the Borough Defendants' Motion to Dismiss. See Bruno, 2008 WL 4949046, at *3 (denying motion to dismiss section 1983 claim with similar allegations and premised on a similar failure to train theory); see also Gale v. Storti, --- F. Supp. 2d ---, No. 08-5366, 2009 WL 723383, at *4 (E.D. Pa. Mar. 19, 2009) (finding allegations sufficient to state a claim under section 1983 insofar as plaintiff had alleged that the defendant borough "failed to properly train police officers regarding assistance with evictions"); Kokinda, 557 F. Supp. 2d at 590 (denying motion to dismiss a section 1983 claim premised on a similar failure to train theory, stating that "Plaintiff could, after discovery, prevail on this claim by enunciating the specific policies and demonstrating how they violated his rights"). For all of

the above reasons, the Court recommends that the Borough Defendants' Motion to Dismiss Count X of Plaintiffs' Complaint be denied.

### D. <u>Plaintiffs' Claim for Punitive Damages</u>

Finally, the Borough Defendants seek dismissal of Plaintiffs' claim for punitive damages. The Borough Defendants argue that punitive damages are not recoverable against municipal defendants. (Defs' Br. at 7.) Plaintiffs admit that the Borough is immune from punitive damages. <u>Compare</u> Defs' Mot. at ¶ 6 ("The Borough of Verona is immune from punitive damages") <u>with</u> Pl's Response at ¶ 6 ("Admitted"). Because Plaintiffs concede that they may not recover punitive damages from the Borough, the Court recommends that Plaintiffs' claim for punitive damages against the Borough be dismissed with prejudice. In addition, because official capacity suits are simply another way of asserting a claim against the municipal entity itself (<u>see supra</u> note 2), Plaintiffs' admission on this point also leads to the conclusion that they also may not recover punitive damages from the Individual Borough Defendants in their official capacity. Therefore, the Court further recommends that Plaintiffs' claim for punitive damages against the Individual Borough Defendants in their official capacity be dismissed with prejudice.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Borough Defendants' Motion to Dismiss (Doc. 10) should be granted in part and denied in part. Specifically, the Court recommends that Counts III, VI, and IX of Plaintiffs' Complaint be dismissed with prejudice. The Court additionally recommends that Plaintiffs' claim for punitive damages against the Borough and against the Individual Borough Defendants in their official capacity be dismissed with prejudice. The Court recommends that the Borough Defendants' Motion to Dismiss be denied as to Counts II, V and VIII insofar as these claims are asserted against the Individual Borough Defendants in their individual capacity and the Borough Defendants have not sought dismissal of any claims

asserted against them in their individual capacity. Finally, the Court recommends that the Borough Defendants' Motion be denied as to Count X of Plaintiffs' Complaint.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 11, 2009. Responses to the objections are due by May 26, 2009.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

April 23, 2009

cc (via email):

Arthur R. Bloom, Esq.
Charles P. Hoebler, Esq.
Edmond R. Joyal, Jr., Esq.
Caroline Liebenguth, Esq.